**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2020[*]
Decided June 22, 2020

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-3232

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 07-cr-33-bbc |
| JEROME G. HUGHES, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

## O R D E R

A decade after he was convicted of a cocaine-base ("crack") offense, Jerome Hughes moved to reduce his 40-year sentence to 20 years under the First Step Act of 2018. Pub. L. No. 115-391, tit. IV, § 404, 132 Stat. 5194. The district court granted Hughes's request, but not to the extent that he wanted, reducing his term only to 25 years. We affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

At Hughes's original sentencing hearing, the court miscalculated his guidelines range and imposed a life sentence. Hughes appealed, and we vacated his sentence and remanded the case for resentencing based on a range of 360 months to life. *United States v. Taylor*, 302 F. App'x. 478, 479–80 (7th Cir. 2008).

On remand, the court sentenced Hughes to 40 years in prison. Central to the court's decision was an assessment that the community needed to be protected: Hughes's past violence—a long record like the court had "never seen"—included several batteries and one instance where he had tortured a police informant. For his part, Hughes acknowledged his past wrongs, expressed remorse and a desire to change his life, and asked the court for mercy. The court acknowledged Hughes's comments, stating that it hoped he would change his ways in the future.

In 2018, Congress passed the First Step Act, which made provisions of the Fair Sentencing Act of 2010 retroactive for certain defendants convicted of crack-related offenses. Under the First Step Act, district courts "may ... impose a reduced sentence" for these defendants as if the Fair Sentencing Act had been in effect at the time of their offenses. First Step Act § 404(b). The Fair Sentencing Act, in relevant part, modified 21 U.S.C. § 841(b)(1)(B)—the subsection under which Hughes was sentenced—by reducing its statutory minimum penalties and increasing the amount of crack needed to trigger those penalties from 5 to 28 grams. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a)(2), 124 Stat. 2372; *Dorsey v. United States*, 567 U.S. 260, 269 (2012). Had the Fair Sentencing Act been in place, Hughes—whose charged conduct involved 13.21 grams of crack—would have faced a statutory sentencing range of 0 to 30 years instead of 10 years to life. *Compare* 21 U.S.C. § 841(b)(1)(C) (2018), *with* 21 U.S.C. § 841(b)(1)(B)(iii) (2007).

Hughes moved under the First Step Act to reduce his sentence to 20 years. Stating that his conviction was a "wake up call" that led him to turn his life around, he pointed to his many accomplishments while in prison—earning a GED, improving his behavior, and dedicating himself to his children. The government agreed that Hughes was eligible for a reduction, but stated he should receive a sentence of 30 years—the new statutory maximum—in light of his "persistent, significant, and violent criminal history."

The district court reduced his sentence to 25 years. Though it recognized Hughes's "increasing maturity … displayed over the years in which he has been incarcerated" as well as his "encouraging" reports of progress, the court concluded that the full reduction could not "be justified" in light of his past violence.

Hughes appeals, arguing that the district court abused its discretion by considering and giving too much weight to his prior criminal history. But when a court imposes a sentence, "[n]o limitation" is placed on the information it may consider with respect to a defendant's "background, character, and conduct." 18 U.S.C. § 3661. When determining whether a reduction is appropriate under the First Step Act, courts may refer to the statutory framework in 18 U.S.C. § 3553(a), *see United States v. Shaw*, 957 F.3d 734, 741–42 (7th Cir. 2020), which allows a defendant's prior criminal history to be balanced against evidence of his rehabilitation, *see Pepper v. United States*, 562 U.S. 476, 490–91 (2011). That is precisely what the district court did here: It concluded that the reduction Hughes requested could not "be justified in light of his record," but a partial reduction was warranted "in recognition of the increasing maturity that he has displayed over the years in which he has been incarcerated." This conclusion falls well within the broad discretion afforded to district courts weighing the § 3553(a) factors. *See United States v. Adams*, 879 F.3d 826, 829 (7th Cir. 2018).

Finally, Hughes seems to believe that he deserves a lower sentence because his career-offender designation at his initial sentencing has been invalidated by intervening law. This argument is misplaced, however, because any change in the law would not have affected his sentence, which was based on his alternative (higher) non-career-offender guidelines calculation. *See* U.S.S.G. § 4B1.1(b).

AFFIRMED